IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTOR K. LEMMONS, JR., <br> REG. NO. 39723-068, <br><br> Plaintiff, <br><br> v. <br><br> JANE DOE, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:21-CV-423-WHA-KFP <br> ) [WO] <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff, an inmate at the Montgomery Federal Prison Camp, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He alleges violations of his Eighth Amendment right to be free from cruel and usual punishment relating to the adequacy of medical care he received in August 2020 while incarcerated at the Erie County Prison in Erie, Pennsylvania. *See* Doc. 1. Upon review of the Complaint, the Court concludes this action should be transferred to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1391(b) and 28 U.S.C. 1406(a).[1]

**II.   DISCUSSION**

A civil action filed under 42 U.S.C. § 1983 "may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which

---

[1] Plaintiff has submitted an application for leave to proceed in forma pauperis. Doc. 2. The Court finds assessment and collection of any filing fee should be undertaken by the United States District Court for the Western District of Pennsylvania.

the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1406(a), when a case is filed laying venue in the wrong division or district, a district court may dismiss or, in the interest of justice, transfer the case to any district or division where it could have been brought. The actions described in Plaintiff complaint occurred at the Erie County Prison in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Plaintiff has identified no defendants who reside in Alabama or the Middle District of Alabama, has described no events or omissions giving rise to his claims that occurred here, and has identified no other basis for proper venue in this district. Therefore, under 28 U.S.C. 1391(b), the proper venue for this action is the Western District of Pennsylvania, and it is due to be transferred under 28 U.S.C. § 1406(a).[2]

**III.   CONCLUSION**

Accordingly, the Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Western District of Pennsylvania pursuant to under 28 U.S.C. §1391(b) and 28 U.S.C. § 1406(a).

It is further ORDERED that by **July 23, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

---

[2] In transferring this case, the Court makes no determination on the merits of the claims in the Complaint.

general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 9th day of July, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE